UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PATRICIA A. NAPPIER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2580 HEA |
| | ) | |
| ROY L. RICHTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a pro se litigant, has filed a civil suit and seeks leave to proceed in forma pauperis. Although plaintiff will be granted leave to proceed without payment of the filing fee, the Court will dismiss this action pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness or for failure to state a claim upon which relief may be granted. *Id.*

### Background

Plaintiff, Patricia A. Nappier, has filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of her due process rights. She claims that Missouri State Court Judges Roy L. Richter, Joseph L. Goff, Jr., Phillip M. Hess and Lawrence E. Mooney denied her constitutional rights when they were assigned to review rent/real estate action(s) she had against her brother over the course of an eighteen (18) year period.

Plaintiff claims that over the course of the long litigation against her brother, John Forrester, she was, in 2002, awarded the right to buy the rental property/the Forrester property for $72,000. Plaintiff asserts that her brother failed to tender the property in a timely manner and was not held to the original judgment despite his failure to comply with a court order.

Plaintiff states that after the housing market crash in 2007/2008, plaintiff's brother stated that he would comply with the judgement, but at that time, the house was worth less than the originally valued amount. When plaintiff failed to pay the original value due to her inability to get a loan for the amount, she was "ousted" from the property and not allowed to retain her personal property from the home. Plaintiff asserts that a three-judge panel, with Judge Richter as one of the judges, affirmed Forrester's possession, which plaintiff believed was unclear and contradictory to the original order allowing her to purchase the property from Forrester.

In 2014, Forrester filed a petition to quiet title in Missouri State Court, and Judge Joseph L. Goff allegedly found that plaintiff failed to deliver payment for the home to Forrester within the time frame set forth in the 2002 Judgment, purportedly failed to allow plaintiff to file a counterclaim against Forrester, and held that plaintiff owed Forrester $10,000.

Plaintiff alleges that she appealed Judge Goff's holding to the Missouri Court of Appeals, and a three-judge panel, made up of Judge Roy Richter, Lawrence Mooney and Phillip Hess, once again found in favor of Forrester. Plaintiff also asserts that Judge Richter violated her rights when he failed to recuse himself from hearing the appeal.

In her request for relief, plaintiff seeks an injunction to "stay all decrees from the Missouri Court of Appeals" because she believes that time is of the essence. She also wishes to be able to go onto the real property at issue, which lies in St. Francois County, in order to retrieve her personal belongings. However, she admits that her brother has had possession of the home since October 31, 2012. Plaintiff also seeks to stay and prevent any condemnation proceedings that have been threatened. In addition, plaintiff seeks compensatory damages and punitive damages.

**Discussion**

Plaintiff's complaint is legally frivolous as to the defendants in this action because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Plaintiff has not provided any facts in this action showing that the named defendants took actions in absence of their judicial authority. As a result, plaintiff's allegations do not show that defendants acted outside of their jurisdiction, and defendants are entitled to absolute immunity.

Moreover, the complaint is frivolous because this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). As a consequence, this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint shall be **DISMISSED** as frivolous, malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel and for injunctive relief [Doc. #5 and #6] are **DENIED AS MOOT**.

Dated this 17th day of October, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE