UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICIA A. NAPPIER, )
)
    Plaintiff, )
)
v. ) No. 4:17CV2580 HEA
)
ROY L. RICHTER, et al., )
)
    Defendants. )

## OPINION, MEMORANDUM AND ORDER

Before the Court are plaintiff's post-dismissal motions for temporary restraining order and for reconsideration of the dismissal of this action. The Court has reviewed plaintiff's motions and will deny her request to re-open this matter as well as her request for injunctive relief.

### Background

Plaintiff, Patricia A. Nappier, has filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of her due process rights. In her complaint filed on October 13, 2017, she claimed that Missouri State Court Judges Roy L. Richter, Joseph L. Goff, Jr., Phillip M. Hess and Lawrence E. Mooney denied her constitutional rights when they were assigned to review rent/real estate action(s) she had against her brother over the course of an eighteen (18) year period.

Specifically, plaintiff claimed that over the course of the long litigation against her brother, John Forrester, the Judges violated her rights when they: failed force Forrester to sell Nappier the property at a price under the appraised value; failed to recuse themselves on appeal from matters they had knowledge of in the trial court; and affirmed Forrester's possession of the

property which Nappier believed was unclear and contradictory to the original order allowing her to purchase the property from Forrester.

In her request for relief, plaintiff sought an injunction to "stay all decrees from the Missouri Court of Appeals" and a mandatory injunction allowing her to retrieve her personal belonging from the property in St. Francois County. Plaintiff also sought injunctive relief to prevent any condemnation proceedings on the property. In addition, plaintiff sought compensatory damages and punitive damages.

On October 17, 2017, after granting plaintiff leave to proceed in forma pauperis, the Court dismissed this action pursuant to 28 U.S.C. § 1915, finding that the defendant Judges were entitled to absolute immunity for their judicial actions. *See Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003). Additionally, the Court noted that it did not have subject matter jurisdiction over challenges to state court decisions, in particular cases arising out of judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

In her request for reconsideration of the dismissal, plaintiff refers the Court to her motion for temporary restraining order, seeking a reversal of this Court's decision to dismiss this action. Plaintiff states that Judge Roy Richter should not have sat on both the trial court in the 2012 matter, as well as the appellate court in 2017 regarding the same matter. Plaintiff states that she has asked for Judge Richter to be removed from the appellate panel but had her request denied. Thus, she believes that this court has "concurrent jurisdiction" to remove Judge Richter from the appellate panel and prevent Judge Richter from issuing further decrees in her case in the Missouri Court of Appeals.

**Discussion**

Plaintiff has not provided a sufficient argument for revisiting the dismissal of this action or for intervening in her Missouri State Court case. As noted in the Court's Memorandum and Order issued on October 17, 2017, this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). As a consequence, the Court will not grant plaintiff's motion for reconsideration or her motion for temporary restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. #9] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order would not be taken in good faith.

Dated this 23rd day of October, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE